UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:15-00254 |
| VERSUS | * | JUDGE WALTER |
| GREGORY SAM (01) | * | MAGISTRATE JUDGE HANNA |

REPORT AND RECOMMENDATION

The defendant, Gregory Sam ("Sam"), has filed a Motion to Dismiss Count One of the pending indictment. [Record Doc. 34]. The government filed an Opposition to the Motion, to which Sam filed a Reply. [Record Docs. 36 and 41]. For those reasons set out below, it is recommended that the Motion to Dismiss be **denied**.

FACTUAL BACKGROUND

Sam was convicted in Louisiana state court of aggravated battery. It is undisputed that his parol for that conviction ended on December 14, 2004. On February 23, 2004, the State of Louisiana issued a "Verification of First Offender Pardon" pursuant to La. R.S. 15:572, which is automatically issued to those first offenders who meet the statute's qualifications. That document certifies that "as provided by Article 1, Section 20 and Article 4, Section 5(E)(1) of the Louisiana Constitution, as of December 14, 2004, "all [of Sam's] rights of citizenship and

franchise" were restored in Louisiana.  The document additionally states that "[t]he right to receive, possess or transport a firearm may not be restored unless all legal provisions are met and should be determined through the local law enforcement agency."  It is uncontested that under Louisiana law, Sam was no longer generally prohibited from possessing a firearm pursuant to La. R.S. 14:95.1 after December 14, 2014, ten years after Sam completed his sentence.  It is further undisputed that under La.R.S. 40:1379.3(C)(10), Sam is prohibited from obtaining a concealed carry permit for any firearm.

On December 9, 2015, Sam was indicted in a three count indictment.  Count One charges Sam with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1), which makes it unlawful for a person who has been convicted, in any court, "of a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm.  The Count stems from Sam's November 10, 2015 possession of three firearms after having been convicted of aggravated battery.

## LAW AND ANALYSIS

Federal law prohibits the possession of a firearm by a person convicted of "a crime punishable by imprisonment for a term exceeding one year."  18 U.S.C. § 922(g)(1).

18 U.S.C. § 921(a)(20) defines what constitutes a conviction for purposes of § 922(g), which is determined in accordance with the law of the jurisdiction in which the proceedings were held.[1]  That definition exempts from qualification "any conviction . . . for which a person . . . has had civil rights restored. . . ."  This provision is known as the "rights restoration" exemption.  The exemption describes a measure by which the government relieves an offender of the consequences of his conviction.  The definition also contains an exception to the "rights restoration" exemption known as the "unless clause."  Under the "unless clause", an offender gains no exemption through restoration of civil rights if the dispensation "expressly provides that the person may not ship, transport, possess, or receive firearms."  *See Logan v. United States*, 552 U.S. 23, 128 S.Ct. 475, 479-480, 482 (2007).

Sam filed the instant Motion to Dismiss focusing on the "rights restoration" exception in § 921(a)(20).  Sam argues that under Louisiana law, as of December 14, 2014, his right to possess a firearm was restored, and he could therefore

---

[1] Section 921(a)(20) provides as follows:
What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

lawfully possess a firearm.  Accordingly, because Sam contends that his rights were fully restored as of December 14, 2014, Sam contends that his aggravated battery conviction cannot serve as a predicate offense for purposes of his prosecution under § 922(g)(1) because the offense does not meet the definition set forth in § 921(a)(20).  He therefore argues that Count One should be dismissed because there is no predicate felony making Sam a prohibited person under the federal statute.

    The government opposes the Motion focusing on the "unless clause" which sets forth an exception to the "rights restoration" clause relied upon by Sam.  The government argues that the "unless clause" is triggered in this case because under Louisiana law Sam's aggravated battery conviction made him ineligible for a concealed carry weapons permit.  More specifically, the government contends that Sam's ineligibility for a concealed carry permit restricts's Sam's ability to "transport" and "possess" a firearm sufficient to trigger the "unless clause."  In support, the government relies on the United States Supreme Court's interpretation of the "unless clause" in *Caron v. United States*, 524 U.S. 308, 118 S.Ct. 2007 (1998) and decisions of the Sixth and Ninth Circuits in *United States v. Sanford*, 707 F.3d 594 (6th Cir. 2012) and *Van Der Hule v. Holder*, 759 F.3d 1043 (9th Cir. 2014), respectively, which hold that under *Caron*, a statutory inability to obtain a concealed carry permit triggers the "unless clause."

The Fifth Circuit has adopted a two-prong test to determine whether the "rights restoration" exemption disqualifies a prior felony conviction from serving as a felon in possession predicate offense. First, the defendant's civil rights must have been "sufficiently restored" under § 921(a)(20), that is, he must have regained the rights to vote, to hold public office, and to sit on a jury. Second, if the defendants civil rights have been sufficiently restored, the defendant nonetheless must not be "expressly deprived of the right to possess a firearm by some provision of the restoration law or procedure of the state of the underlying conviction." *United States v. Chenowith*, 459 F.3d 635, 636 (5th Cir. 2006) *quoting United States v. Thomas*, 991 F.2d 206, 213 (5th Cir. 1993); *United States v. Dupaquier*, 74 F.3d 615, 617 (5th Cir. 1996). The latter inquiry turns on the method of restoration. *United States v. Washington*, 544 Fed. Appx. 365, 367 (5th Cir. 2013) *citing Chenowith*, 459 F.3d at 637-638. In Louisiana, a defendants rights are restored automatically by operation of state law upon completion of a first-time offender's sentence. *Washington*, 544 Fed.Appx. at 367 *citing United States v. Dupaquier*, 74 F.3d 615, 617–19 (5th Cir.1996); La. Const. art. I, § 20[2];

---

[2] Article I, § 20, of the Louisiana Constitution provides that "[f]ull rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense."

La.Rev.Stat. § 15:572(B)(1)[3], (D)[4]; La. Const. art. IV, § 5(E)(1)[5]. To that end, the Division of Probation and Parole must issue a certificate to a first-time offender "recognizing and proclaiming that [he] is fully pardoned for the offense, and that he has all rights of citizenship and franchise." La.Rev.Stat. § 15:572(D). Sam's certificate complied with these requirements. His rights therefore were "sufficiently restored" by operation of law. *See Washington*, 544 Fed. Appx. at 367; *Dupaquier*, 74 F.3d at 617–18. The certificate merely apprised Sam of his then current status under Louisiana law. *Dupaquier*, 74 F.3d at 619.

Because the first step of the analysis is satisfied, the Court therefore proceeds to the second step of the analysis. In this step, the Court determines "whether state law nevertheless deprives [Sam] of the right to possess a firearm."

---

[3]La.R.S. 15:572(B)(1) provides that "[a] first offender never previously convicted of a felony shall be pardoned automatically upon completion of his sentence without a recommendation of the Board of Pardons and without action by the governor."

[4] La.R.S. 15:572(D) provides that "[o]n the day that an individual completes his sentence the Division of Probation and Parole of the Department of Corrections, after satisfying itself that (1) the individual is a first offender as defined herein and (2) the individual has completed his sentence shall issue a certificate recognizing and proclaiming that the petitioner is fully pardoned for the offense, and that he has all rights of citizenship and franchise. . . ."

[5]Article IV, § 5(E)(1), of the Louisiana Constitution provides that "[t]he governor may grant reprieves to persons convicted of offenses against the state and, upon favorable recommendation of the Board of Pardons,1 may commute sentences, pardon those convicted of offenses against the state, and remit fines and forfeitures imposed for such offenses. However, a first offender convicted of a non-violent crime, or convicted of aggravated battery, second degree battery, aggravated assault, mingling harmful substances, aggravated criminal damage to property, purse snatching, extortion, or illegal use of weapons or dangerous instrumentalities never previously convicted of a felony shall be pardoned automatically upon completion of his sentence, without a recommendation of the Board of Pardons and without action by the governor."

The Verification of First Offender Pardon expressly advised Sam that restoration of his civil rights did not automatically extend to possessing a firearm. To the contrary, the document advised Sam that his "right to receive, possess or transport a firearm may not be restored unless *all legal provisions* are met . . . ." In *Dupaquier*, the Fifth Circuit reviewed Louisiana state law and determined that La.R.S. 14:95.1 deprived the defendant of the right to possess a firearm for ten years after the completion of his sentence. *Dupaquier*, 74 F.3d at 618-619. Because the defendant's possession of a firearm occurred over ten years after completion of his sentence on the predicate offense, the defendant's conviction for violation of § 922(g)(1) was reversed.

Sam relies on *Dupaquier* and the two Fifth Circuit cases which have addressed the issue under Louisiana law since the *Dupaquier* decision, *United States v. Richardson*, 168 F.3d 836 (5th Cir. 1999) and *United States v. Washington*, 544 Fed. Appx. 365 (2013). In both cases, the defendant remained under the statutory disability set forth in La. R.S. 14:95.1. *Richardson*, 168 F.3d at 840; *Washington*, 544 Fed. Appx. at 367. Accordingly, there was no need to address other provisions of Louisiana law which may also have deprived the defendant of his right to possess a firearm as the defendant's prior state felony conviction constituted a "conviction" for purposes of § 921(a)(20) and thus, a predicate felony offense for purposes of § 922(g)(1).

Further, as noted by the government, since the *Dupaquier* decision, the state of Louisiana amended and re-enacted a statute which expressly forbids all persons convicted of a felony offense from obtaining a concealed carry permit. La. R.S. 40:1379.3. This lifetime restriction on a convicted felon's ability to obtain a concealed carry permit went into effect on April 19, 1996. Acts 1996, 1st Ex. Sess. , No. 4, § 1. Since *Dupaquier*, the United States Supreme Court has also issued its decision in *Caron v. United States*, 524 U.S. 308, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998), wherein the Supreme Court addressed the reach of the "unless clause."

In *Caron,* the defendant was convicted for violating 18 U.S.C. § 922(g)(1) for carrying a rifle. *Caron,* 524 U.S. at 309-311. His sentence was enhanced under 18 U.S.C. § 924(e), which mandates that a defendant with three violent felony convictions receive an enhanced sentence. The defendant objected to the enhancement, arguing that his prior Massachusetts convictions should not have counted as predicate offenses because of the "rights restoration" exception. *Id.*, 524 U.S. at 311. The defendant's civil rights had been restored by operation of Massachusetts law, and because more than five years had passed since his conviction, he was entitled to receive a firearms identification card permitting him to own and possess firearms, including handguns. *Id.* 524 U.S. at 313, 316. The "unless clause" however, created an exception to "rights restoration" clause.

Because he had been convicted of a felony, under Massachusetts law, the defendant was unable to obtain a license to carry and thus was prevented from being able to lawfully carry a handgun outside of his residence or place of business.  The Supreme Court held that the restriction on the defendant's handgun possession rights was an express restriction on his ability to possess firearms that triggered the "unless clause" and bar him from possessing any firearms under federal law. *Caron*, 524 U.S. at 311–12.

The Supreme Court concluded that the phrase "may not . . . possess . . . firearms" must be interpreted under an "all-or-nothing" approach, adopting the government's position.  Under the "all or nothing" approach:

> [A] state weapons limitation on an offender activates the uniform federal ban on possessing any firearms at all. This is so even if the guns the offender possessed were ones the State permitted him to have. The state has singled out the offender as more dangerous than law-abiding citizens, and federal law uses this determination to impose its own broader stricture.

*Caron*, 524 U.S. at 315.   The Court explained that the federal government has an interest in a single, national, protective policy, broader than required by the State, to effectuate Congress's purpose "to keep guns away from all offenders who, the Federal Government feared, might cause harm, even if those persons were not deemed dangerous by States." *Id.* at 315.  Thus, the Court rejected the dissent's

position that the "plain meaning" of the statute triggers the "unless clause" only "when the State additionally prohibits those ex-felons from possessing firearms altogether." *Id.* at 318 (Thomas, J., dissenting). Because the State treated the defendant as too dangerous to trust with handguns, though it accorded this right to law-abiding citizens, federal law used the State's finding of dangerousness to forbid the defendant from having any guns. *Id.* at 316-317. Thus, under the "all or nothing" reasoning of *Caron*, a civil rights restoration that limits (but does not ban) the possession of even one type of firearm was one that triggered the "unless clause."

In *United States v. Sanford*, 707 F.3d 594 (6th Cir. 2012), the Sixth Circuit addressed whether, under *Caron*, a state statute prohibiting the defendant, whose civil rights had been restored by operation of state law upon his release from incarceration, from obtaining a concealed weapons permit by virtue of his prior state conviction triggered the "unless clause."[6] The Court concluded that the inability of the defendant to obtain a concealed weapons permit restricted his ability to "transport" a firearm which was sufficient to trigger the "unless clause." *Sanford*, 707 F.3d at 596.

---

[6]In *Sanford* the defendant was convicted under 18 U.S.C. § 922(g)(9) prohibiting persons who have been convicted of a misdemeanor crime of violence from shipping, transporting or possessing a firearm. The *Sanford* Court therefore considered § 921(a)(33) applicable to misdemeanor crimes of domestic violence which contains nearly identical language as that contained in § 921(a)(20).

The Sixth Circuit acknowledged that the defendant's ineligibility to obtain a concealed weapons permit "severely hindered, but did not completely eliminate, his ability to transport a handgun", as well as the ambiguity of the text of the statute as to whether such a restriction triggers the "unless clause." *Id.* The Sixth Circuit held, however, that the Supreme Court's decision in *Caron*, adopting an "all or nothing" interpretation resolved any ambiguity, and compelled a finding that the statutory restriction triggered the "transport" element of the "unless clause." *Id*.

The Sixth Circuit reasoned that "[j]ust as the restriction in *Caron* was not a blanket ban on all handgun possession, the restriction [at issue was] not a blanket ban on all pistol transportation." *Id*. at 597. However, "[l]ogistically, Sanford's restrictions [were] similar to *Caron's:* Sanford [was] allowed to carry his firearm in his dwelling house, place of business, or on other land possessed by him, but his inability to obtain a concealed weapons permit denie[d] him the freedom to carry a pistol concealed on or about his person anywhere in the state." *Id*. (internal quotations and citations omitted). Because "Sanford [did] not have the same freedom to transport his firearm as a Michigan citizen without a domestic assault record", under the "all or nothing" approach adopted in *Caron*, this restriction was sufficient to trigger the "unless clause." *Id.* Therefore, the defendant's prior state

-11-

court conviction was a proper predicate offense and the defendant's federal firearms possession conviction was upheld.

The Ninth Circuit reached the same conclusion in *Van der Hule v. Holder*, 759 F.3d 1043 (9th Cir. 2014). In *Van der Hule*, the plaintiff, who had previously been convicted of sexual assault and had his civil rights restored by operation of state law at the completion of his sentence, attempted to purchase a firearm from a firearm dealer. *Van der Hule*, 759 F.3d at 1045. The NCIS examiner who processed the background check concluded that the plaintiff's prior conviction precluded him from receiving a Montana concealed weapons permit, and therefore he was also prohibited under federal law from possessing or receiving any firearm. *Id.* After taking an administrative appeal, the plaintiff filed suit for a declaratory judgment. *Id.* This dispute required the Ninth Circuit to examine the interplay between the "unless clause" of § 921(a)(20) and the state's statutory restriction on a felons' ability to obtain a concealed weapons permit.

The Ninth Circuit noted that the state law did not restrict the applicant from possessing any firearm, but rather merely restricted the way in which the applicant could possess the forearm, that is, he was precluded from obtaining a permit to conceal a handgun in ceratin locations where it would otherwise be unlawful to do so. *Id*. at 1049. Thus, state law effectively imposed a time, place and manner

restriction on the applicant's right to possess firearms. *Id*. The Ninth Circuit concluded that, under the "all or nothing" approach in *Caron*, that restriction was sufficient to trigger the "possess" element of the "unless clause" in § 921(a)(20). *Id.* at 1049-1050. The court reasoned that the applicant was "more limited in the control he may exercise over a handgun than a person with a permit to carry a concealed handgun" and that the "restrictions on the ways he may use a handgun that do not apply to others who lack a similar criminal history." *Id.* at 1050. Thus, these restrictions on possession brought the applicant within the "unless clause." *Id*.

In so doing, the Ninth Circuit additionally rejected the argument that the phrasing "may not . . . possess" would not reach concealment as a mere manner of possession, finding that "such a reading of the statute would, as the Court explained in *Caron*, be implausible in light of Congress' purposes." *Id.* The state "imposed firearms restrictions on [the applicant] because he [was] 'too dangerous to trust with handguns,' unlike someone without a similar criminal history." *Id.* Thus, although the state had enacted only a time, place, or manner restriction on the applicant's possession of handguns, because Congress adopted "a single, national, protective policy, broader than required by state law" after *Caron*, no reasonable doubt about the meaning of the statute persists. *Id.*

In response to the government's reliance on *Caron*, *Sanders* and *Van der hule*, Sam argues that the "unless clause" is only triggered when the state law expressly provides that a person "may not" transport or possess a firearm and does not reach mere concealment. That argument was rejected by the majority in *Caron* who disagreed with Justice Thomas' similar "plain meaning" interpretation of the statute argument, adopting instead an "all or nothing" approach. *See Caron*, at 318 (Thomas, J., dissenting). Moreover, as set forth above, this argument was rejected by the Ninth Circuit in *Van der hule*.

Although the Fifth Circuit has not addressed this precise issue, the Court finds the reasoning in *Sanford* and *Van der hule* persuasive and correct under the *Caron* decision. Louisiana law, like the state laws at issue in *Sanford* and *Van der hule*, prohibits convicted felons, like Sam, from obtaining a concealed carry permit. This restriction prohibits Sam from both possessing and transporting a firearm in the same manner as those who do not have a felony conviction. In short, Louisiana has deemed Sam too dangerous to obtain a concealed carry permit and this finding, under *Caron*, is sufficient to trigger the federal ban contained in the "possess" and "transport" elements of the "unless clause" of § 920(a)(20). Stated differently, because Sam does not have the same freedom to transport and possess a firearm as a Louisiana citizen without an aggravated battery conviction, under

the "all or nothing" approach adopted in *Caron*, this restriction is sufficient to trigger the "unless clause." Therefore, Sam's prior state court aggravated battery conviction is a proper predicate offense for Count One of Sam's indictment charging him with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1).

For these reasons, the undersigned recommends that the motion to dismiss filed by Gregory Sam [rec. doc. 34] be **denied.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at in chambers at Lafayette, Louisiana on March 23, 2016.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE: __3/24/2016__
BY: _____EFA_____
TO: _____DEW_____
bj