UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:15-00254 |
| VERSUS | * | JUDGE WALTER |
| GREGORY SAM (01) | * | MAGISTRATE JUDGE HANNA |

### RULING ON COMPETENCY

Pursuant to Title 18, United States Code, § 4241(a) and (b), the defendant, Gregory Sam, was ordered to undergo a psychological examination to determine the defendant's competency to stand trial. [rec. doc. 32 and 45].  A Psychological Report by clinical psychologist Sasha J. Lambert, Ph.D. has been received by the Court and filed under seal.  [rec. doc. 49].

A competency hearing was held pursuant to 18 U.S.C. §4247 on May 25, 2016 before the undersigned Magistrate Judge.  After reviewing the Psychological Report, which this Court finds is in compliance with 18 U.S.C. §4247, both defense counsel, Cristie Gautreaux Gibbens, and counsel for the government, AUSA Robert Chase Abendroth, advised that, other than the Psychological Report by Sasha J. Lambert, Ph.D., they had no additional evidence to submit.  Counsel further advised that they had no objection to the Psychological Report.  Accordingly, further hearing regarding the defendant's competency was waived, and the matter was submitted on the Psychological Report of Sasha J. Lambert, Ph.D.

The Court nevertheless questioned defense counsel regarding her interactions with the defendant. Ms. Gibbens advised that she believes that the defendant is and has been able to consult with her with a reasonable degree of rational understanding of the proceedings, is otherwise able to assist in the defense, has a rational understanding of these criminal proceedings and has a factual understanding of these criminal proceedings..

## LAW AND ANALYSIS

A criminal defendant may not be tried unless he is competent. Pate v. Robinson, 383 U.S. 375, 378, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). "[T]he criminal trial of an incompetent defendant violates due process." Cooper v. Oklahoma, 517 U.S. 348, 354, 116 S.Ct. 1373, 1376, 134 L.Ed.2d 498 (1996), citing Medina v. California, 505 U.S. 437, 453, 112 S.Ct. 2572, 2581, 120 L.Ed.2d 353 (1992); Drope v. Missouri, 420 U.S. 162, 171-172, 95 S.Ct. 896, 903- 904, 43 L.Ed.2d 103 (1975); Pate, 383 U.S. at 378. Justice Kennedy, in Drope, described the fundamental nature of the right as follows:

> Competence to stand trial is rudimentary, for upon it depends the main part of those rights deemed essential to a fair trial, including the right to effective assistance of counsel, the rights to summon, to confront, and to cross-examine witnesses, and the right to testify on one's own behalf or to remain silent without penalty for doing so.

Cooper, 517 U.S. at 354, citing Riggins v. Nevada, 504 U.S. 127, 139-140, 112 S.Ct. 1810, 1817, 118 L.Ed.2d 479 (1992)(opinion concurring in judgment) (*citing* Drope, 420 U.S. at 171-172 ).

The test for incompetence is also well-settled. "It is not enough for the district judge to find that 'the defendant (is) oriented to time and place and (has) some recollection of events,' but that the 'test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him.'" Dusky v. U.S., 362 U.S. 402, 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960) (*per curiam*)(quoting from the Solicitor General's brief). Drope added an additional element to the test of competency by requiring that the defendant be able "to assist in preparing his defense." Drope, 420 U.S. at 171. Thus, to be competent, a defendant must:

1. be able to consult with the lawyer with a reasonable degree of rational understanding;
2. be able to otherwise assist in the defense;
3. have a rational understanding of the criminal proceedings; and
4. have a factual understanding of the proceedings.[1]

---

[1] *See also* Mental Health Standard 7.4(b), ABA CRIMINAL JUSTICE MENTAL HEALTH STANDARDS (1984) (hereinafter "Mental Health Standards"). The American Bar Association developed this set of standards for evaluating competence issues, based upon the holdings of Dusky and Drope .

While 18 U.S.C. §4241 is silent regarding the burden of proof, the Fifth Circuit has held that the government bears the burden of proof in federal prosecutions of proving the defendant's competence to stand trial by a preponderance of the evidence.  See Lowenfield v. Phelps, 817 F.2d 285, 294 (5th Cir. 1987); United States v. Makris, 535 F.2d 899, 906 (5th Cir. 1976), cert. denied, 430 U.S. 954, 97 S.Ct. 1598, 51 L.Ed.2d 803.

The undersigned adopts the complete facts, findings, assessment and conclusions articulated in the Psychological Report of Sasha J. Lambert, Ph.D.

Based on the facts, findings, assessment and conclusions articulated in the Psychological Report and on the opinion of Sasha J. Lambert, Ph.D. that "the available evidence does not indicate that Mr. Sam is currently experiencing a mental disease or defect that would cause him to be incapable of rationally consulting with his attorney or rationally and factually understanding proceedings against him", and the observations of Ms. Gibbens regarding her interactions with the defendant, the undersigned concludes that the defendant is sufficiently able to understand the nature and consequences of these criminal proceedings and sufficiently able to assist counsel in his defense to support a finding that he is competent to proceed to trial. Accordingly, the undersigned finds the defendant, Gregory Sam, competent to proceed to trial.

Signed at Lafayette, Louisiana on May 26, 2016.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**