UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA * | | CRIMINAL NO. 6:15-00254 |
| VERSUS | * | JUDGE WALTER |
| GREGORY SAM (01) | * | MAGISTRATE JUDGE HANNA |

<u>RULING ON MOTION TO STRIKE SURPLUSAGE</u>

The defendant, Gregory Sam ("Sam"), has filed a motion to strike surplusage from the indictment in which he seeks to strike all references in the indictment to "Uncle Pipe" as surplusage.[rec. doc. 52] The government has filed an opposition. [rec. doc. 59].  Oral argument on the Motion was held on June 13, 2016.

## Background

On December 9, 2015, Sam was indicted in a three count indictment.  Count One charges Sam with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1), which makes it unlawful for a person who has been convicted, in any court, "of a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm.  Count Two charges Sam with possession of a stolen firearm in violation of 18 U.S.C. § 922(j).  Count Three charges Sam with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(3) which makes it unlawful for a person "who is an unlawful user

of or addicted to any controlled substance" from possessing a firearm . The charges arise from investigations into narcotics and firearms trafficking at the dead end of Delord Street. A search warrant was executed on Sam's residence, located one block away from the dead end of Delord Street, on November 10, 2015, and three firearms were seized, two of which were allegedly stolen.

The indictment refers to Sam in the caption and each count as "Uncle Pipe." Sam argues that this reference is inflammatory and prejudicial because "pipe" is a common item of drug paraphernalia used to smoke crack cocaine and other controlled substances. Sam therefore argues that the reference should be stricken as surplusage.

The government argues that "Uncle Pipe" is an alias used by Sam and others used to identify Sam in transactions involving drugs and firearms, which evidence will be presented at trial. The reference is therefore relevant as to the identity of Sam and should not should not be stricken as surplusage. More specifically, the government points out that law enforcement monitored a firearm transaction between Alvontre Griffin, a named defendant in a drug conspiracy indictment that also arose out of drug transactions at the dead end of Delord Street, and another individual who Griffin directed to "Pipe house." Officers then observed Griffin walk to Sam's residence and open the screen door, then walk to a vehicle which

had pulled into Sam's driveway, and after a discussion with the driver of the vehicle, Griffin entered Sam's residence momentarily, while the car and its driver waited in the driveway. Officers then observed Griffin get inside the vehicle and leave Sam's residence. This led officers to believe that Griffin was utilizing Sam's residence to stash firearms due to its proximity to the dead end of Delord Street.

Prior to this transaction, officers who had failed to conduct a traffic stop of a vehicle after a high speed pursuit were alerted to a brown bag that had been found in the area where a portion of the pursuit had occurred. The bag contained a cell phone, a hand gun, crack cocaine, marijuana and a large sum of money. Forensic examination of the cell phone revealed text message conversations involving narcotics transactions between Douglas Dugas, another named defendant in a separate three count indictment involving possession with intent to distribute methamphetamine, and Sam. In one such conversation, Sam refers to himself several times as "Uncle Pipe."

## Applicable Law and Analysis

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . ." *United States v. Miller,* 2007 WL 2746703, *1 (W.D. La. 2007) *quotin*g Fed.R.Crim.P. 7(c)(1). Upon the Defendant's motion, the court may strike surplusage from the indictment. *Id.* In

order to strike surplusage in an indictment, the language challenged must be "irrelevant, inflammatory, and prejudicial." *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir.1993). The inclusion of clearly unnecessary language in an indictment that could serve only to inflame the jury, confuse the issues and blur the elements necessary for conviction can be prejudicial. *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir.1971). However, where evidence of the challenged allegation in an indictment is admissible and sufficiently relevant to the charged offense, the court should not strike it, no matter how prejudicial it may be. *United States v. Solomon*, 273 F.3d 1108, 2001 WL 1131955 *1 (5th Cir.2001) (*per curiam)*; *United States v. Reece*, 2013 WL 3327884, *2 (W.D. La. 2013) *citing United States v. Scarpa*, 913 F.2d 993, 1013 (5th Cir.1990) and *United States v. Edwards*, 72 F.Supp.2d 664, 667 (M.D. La. 1999). The mere fact that information in an indictment does not constitute an element of the charged offense does not require that it be stricken. *Id.* The level of proof required to strike surplusage of an indictment is "exacting." *Miller,* 2007 WL 2746703, *1 *citing Bullock, supra.,* Accordingly, because this standard is strict, a court rarely grants such a motion. *Solomon*, 2001 WL 1131955, at *1.

Language identifying the defendant charged in the indictment is relevant. *Graves*, 5 F.3d at 1550*; United States v. Reeves,* 892 F.2d 1223, 1228 (5th

Cir.1990). The Fifth Circuit has held that it is not error to deny the defendants' motion to strike aliases in an indictment where the aliases were used in intercepted conversations. *United States v. Alfonso*, 552 F.2d 605, 618(5th Cir. 1977); *see also United States v. Roman*, 210 F.3d 377, 2000 WL 377679, *1 (7th Cir. 2000) ("We have held that the government may introduce evidence of a defendant's alias where the evidence aids in the identification of the defendant or in some other way directly relates to the proof of the acts charged in the indictment.") (internal quotations and citation omitted); *United States v. Candelaria-Silva*, 166 F.3d 19, 33 (1st Cir. 1999) (refusal to strike alias in an indictment proper because the alias - "Macho Gatillo" which means "Trigger Man" - was relevant and probative with respect to identifying the defendant); *United States v. McFarlane*, 491 F.3d 53, 61 (1st Cir.2007) ("[w]here the use of an alias is important to the government's case, its submission to the jury as part of the indictment is permissible."); *United States v. Delpit*, 94 F.3d 1134, 1146 (8th Cir.1996) (upholding denial of a pre-trial motion to strike the defendant's nickname "Monster" and allowing use of the nickname at trial because it was necessary to fully identify the defendant and could not be avoided because it was used in wiretaps).

    This Court shares the concern expressed in the jurisprudence that it is difficult to 'unring the bell' once something is heard by the jury. *United States v.*

*Davis*, 1995 WL 608464, *4 (E.D. La. 1995) *citing United States v. Taylor*, 554 F.2d 200 (5th Cir. 1977), *United States v. Clark*, 541 F.2d 1016 (4th Cir. 1976) and *United States v. Ruggiero*, 824 F.Supp. 379, 397-398 (S.D. N.Y. 1993). In *Davis,* the court reasoned that potential prejudice can be avoided by redacting the indictment at the commencement of the trial, then presenting the entire unredacted indictment to the jury if the government demonstrates through the evidence that the alias was relevant to the offense charged. This Court finds that reasoning to be sound and both parties are in agreement with that approach.

Therefore, the Court, will conditionally grant the motion. Specifically, when the indictment is read to the jury at the commencement of the case, the alias "Uncle Pipe" will be deleted. However, if the government provides evidence linking the alias to Sam and demonstrates that the alias is relevant to the offenses, the government may move to reinstate those references when the redacted indictment is provided to the jury.

Signed at Lafayette, Louisiana on June 13, 2016, Lafayette, Louisiana.

_____
**PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE**