# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**       \*       **CRIMINAL NO. 6:15-00254**

**VERSUS**                   \*       **JUDGE WALTER**

**GREGORY SAM (01)**           \*       **MAGISTRATE JUDGE HANNA**

## REPORT AND RECOMMENDATION

A Superceding Indictment was returned charging the defendant, Gregory Sam ("Sam") in Count One with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1).   [rec. doc. 72].  Accordingly, during his June 13, 2016 arraignment, Sam orally moved to re-urge his prior Motion to Dismiss with respect to this same count in the superceding indictment.  In so doing, defense counsel candidly acknowledged that the reasoning and analysis of the Court with respect to the prior Motion to Dismiss would be applicable to the re-urged Motion, particularly given that the Louisiana legislature has recently declined to lift the application portion of the ban set forth in 40:1379.3(C)(10), which prohibits Sam from obtaining a concealed carry permit for any firearm.[1] However, counsel explained that the re-urged Motion was necessary in order to preserve the issue for appeal.   Accordingly, for those reasons previously stated by

---

[1] *See* 2016 La. Act 212 (H.B. 142) (WEST), effective August 1, 2016.

the Court with respect to Sam's prior Motion to Dismiss Count One of the indictment [rec. docs. 46 and 48], it is recommended that Sam's oral re-urged Motion to Dismiss be **denied**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed at in chambers at Lafayette, Louisiana on June 14, 2016.

_____

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**